5254-5306.

(Court of Appeal, Parish of Orleans).

## GEORGE J. GLOVER vs. W. R. BARMORE ET AL.

1. The failure to record the contract and bond under Act 134 of 1906 does not release the surety, but has the effect solely of rendering the owner equally liable with him.

Appeal from the Civil District Court, Division "E."

P. M. Milner, for plaintiff and appellee.

Saunders, Dufour & Dufour, H. M. Ansley, for defendants and appellants.

GODCHAUX, J.—This suit which grows out of the same transaction as the other cases against Glover and Barmore, this day decided, is brought by the main contrator against his sub-contractor and the latter's surety for the loss suffered by him in completing the sub-contract after the sub-contractor had defaulted. The surety called in warranty its indemnitor, and there was judgment for plaintiff against the surety and like judgment over in favor of the surety against its indemnitor. The surety appealed suspensively but no brief in support thereof has been filed and, at the hearing, its attorney submitted the cause without argument and with the statement of his conviction that the judgment appealed from is correct and thould be affirmed. The indemnitor has appealed suspensively and challenges the contractor's right of recovery, first upon the ground that the sub-contract and bond to secure same, not having been recorded, the surety thereof cannot be held. Without inquiring into the question of whether or not Act 134 of 1906 requires that a contractor

should exact a bond from his sub-contractor, and should record same together with the sub-contract, certain it is that a failure to record would not release the surety upon the bond of the sub-contractor but would simply have the effect of rendering the contractor equally liable with the sub-contractor and his surety.

**Demoruelle & Sons vs. Vergez, 4 Ct. of App. 163.**

The defense that the surety, and consequently the indemnitor, were released because the contractor anticipated payments to the sub-contractor and otherwise varied the contract terms of payment, was not raised in the pleadings, and though the lower court overruled objection to evidence on that subject, the record fails to establish the defense. The contractor's testimony is not contradicted to the effect that he paid the sub-contractor monthly on estimates no more than was due him at the time of such payment according to the terms of the contract. The only variance is a payment on September 23rd, when the contract stipulated that all payments should be made between the first and tenth of each month; but this is explained by the uncontradicted testimony that this payment was postponed to September 23rd, though due on the 10th.

The surety cannot complain of delayed payment.

There is no error apparent in the record and the judgment is accordingly affirmed.

April 3, 1911.

Rehearing refused, May 15, 1911.